ORDER
In response to the petition for rehearing, the panel has amended its memorandum disposition filed on February 17, 2008. Accordingly, the pending petitions for rehearing and rehearing en banc are moot. *656 Based on the amended disposition, either party may petition for panel rehearing and/or en banc rehearing pursuant to Federal Rules of Appellate Procedure 35 and 40.
AMENDED MEMORANDUM **
Surjit Singh, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA), affirming an Immigration Judge’s (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) protection. We deny the petition for review.
DISCUSSION
To establish his eligibility for asylum, Singh was required to prove he suffered past persecution or has a well-founded fear of future persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Withholding of removal required him to demonstrate it is more likely than not that he would be subjected to persecution if he returns to India. See Kohli v. Gonzales, 473 F.3d 1061, 1070 (9th Cir.2007). For CAT relief, Singh had to establish it is more likely than not he would be tortured with the acquiescence of the Indian government upon his return. See Muradin v. Gonzales, 494 F.3d 1208, 1210-11 (9th Cir.2007).
Singh contends he met these burdens because he was arrested, beaten and tortured by police as a result of his religion and his political activities. The IJ determined, however, that Singh was not a credible witness. The IJ found that Singh’s testimony and application for asylum contained a number of substantial inconsistencies, including the nexus between his membership in the All India Sikhs Student Federation (AISSF) and his third arrest. In Singh’s application for asylum, he claimed that the AISSF organized and led the funeral procession preceding his third arrest, and that the deceased was an AISSF district leader. By contrast, Singh testified before the IJ that the “village people” generally arranged the funeral procession and that the deceased was a leader of Shiromani Akali Dal, an organization to which Singh did not belong. When confronted with this inconsistency, Singh attributed it to a scrivener’s error and stated that he never reviewed the application. However, on cross examination, Singh admitted that he reviewed the application but did not focus on the error at that time. The record therefore supports the IJ’s finding that Singh’s answers were “evasive and non-responsive.”
Because the relationship between Singh’s membership in the AISSF and his third arrest is central to his claim for asylum, the inconsistencies noted above go to the heart of his claim of persecution and are sufficient to support the IJ’s adverse credibility finding. See Singh v. Gonzales, 439 F.3d 1100, 1108 (9th Cir.2006). The fact that Singh was evasive and non-responsive when confronted with these inconsistencies reinforces the IJ’s determination that Singh was not credible. See Wang v. INS, 352 F.3d 1250, 1256 (9th Cir.2003) (“An asylum seeker’s obvious evasiveness may be enough to uphold an IJ’s adverse credibility finding.”) (internal quotation marks omitted). Although Singh could have overcome his lack of credibility with corroborating evidence, see Cosa v. Mukasey, 543 F.3d 1066, 1070 (9th Cir.2008) (noting corroborating evidence is appropriate when the IJ “either does not believe the applicant or does not know what to believe”) (internal quotation marks *657 omitted), the evidence Singh submitted did not substantiate his claim for asylum.
Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. See Kumar v. Gonzales, 439 F.3d 520, 525 (9th Cir.2006). His failure to establish his eligibility for asylum does not, however, preclude CAT relief. See Farah v. Ashcroft, 348 F.3d 1153, 1156-57 (9th Cir.2003) (noting “the standards for the two bases of relief are distinct and should not be conflated”). Nonetheless, because his claim of torture is based on the same statements and evidence the IJ determined not to be credible, his CAT claim was also properly rejected. See id. at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.